# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| NATHAN BROCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:09-CV-115 TLS |
| | ) |
| TRAYCE LAYMAN, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Nathan Brock, a prisoner proceeding *pro se*, filed a Complaint [DE 7] against Deputy Marshal Trayce Layman. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court recently discussed that standard in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949 (quotation marks and citations omitted). At the same time, the Court gives a liberal construction to *pro se* pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Brock alleges that on April 21, 2007, Deputy Marshal Trayce Layman arrested him for driving after being a habitual traffic violator for life. Brock states that he was convicted of this Class C felony solely on the testimony of Layman. Brock alleges that Layman had no evidence against him and that the report was falsified. Although Brock seeks only monetary damages in this proceeding, he acknowledges that if Layman were found liable for falsifying the police report when there was no evidence that Brock drove as a habitual traffic violator under a lifetime suspension, it would undermine the validity of his conviction.

*Heck v. Humphrey*, 512 U.S. 477 (1994), provides that where the successful prosecution of a civil rights case would undermine or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof "that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87 (citing 28 U.S.C. § 2254). *Heck* also held that convictions cannot be set aside in a civil rights case such as this one. 512 U.S. 487 n.6. Here, Brock states that his conviction was not overturned on direct appeal and that he is currently working on his post-conviction relief petition. Because a finding of liability in this case would undermine the validity

of his criminal conviction, which has not yet been set aside, Brock may not proceed on this claim until after his conviction or sentence has been overturned or set aside.

For the foregoing reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

SO ORDERED on July 1, 2009.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT